IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| BURT & PAMELA BARTON, | ) | No. 02 B 12199 |
| Debtor(s), | ) | |

238 Kracker Ave.  SS#XXX-XX-9678
Joliet, IL 60432  SS#XXX-XX-5020

## NOTICE OF MOTION

TO:  Clerk of Bankruptcy Court     Glenn Stearns, Trustee     Burt & Pamela Barton
7th Floor                                        (electronic notice)          238 Kracker
219 S. Dearborn St.                                                             Joliet, IL 60432
Chicago, IL 60604

Will County Clerk          Will County States Attorney
302 N. Chicago St.         Attn: Keith Van Dyne
Joliet, IL 60432           121 N. Chicago St.
                           Joliet, IL 60432

YOU ARE HEREBY NOTIFIED that on the **24th** day of **March, 2006**, at **10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Judge Black, or any Judge sitting is his stead on the Second Floor of the Emco Plaza Building, located at 57 W. Jefferson Street, Joliet, Illinois, and will, then and there, present the attached Motion for Violation of the Automatic Stay for hearing instanter, at which time and place you may be present if you so desire.

/s/John C. Renzi
JOHN C. RENZI, Attorney at Law

**PROOF OF SERVICE BY MAIL:**
The undersigned, hereby, certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, by causing same to be mailed in a properly addressed envelope, postage prepaid, from 1861 Black Rd., Joliet, Il 60435, before the hour of 5:00p.m. on March 4, 2006, unless a copy was provided electronically by the Bankruptcy Court.

_____/s/John C. Renzi_____

JOHN C. RENZI
JUNE, PRODEHL & RENZI, LLC
1861 Black Road, Joliet, Il 60435
(815) 725-8000
#03124627

**This office is a designated Federal Debt Relief Agency pursuant to Act of Congress and has proudly helped individuals file for relief under the U.S. Bankruptcy Code for over two (2) decades and will continue to do so.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT - EASTERN DIVISION

In re:                                    )
                                          )
**BURT and PAMELA BARTON,**               )    No: 02 B 12199
    Debtor(s)                         )
                                          )
                                          )

## MOTION FOR VIOLATION OF AUTOMATIC STAY

    Now comes, BURT and PAMELA BARTON, by and through their attorney, JOHN C. RENZI, of JUNE, PRODEHL & RENZI L.L.C., and does hereby move this court for sanctions and damages pursuant to 11 U.S.C. Section 362(h) against the Will County Clerk (hereinafter "Respondent")and in support, states as follows:

    1.    On or about March 27, 2002, Debtors did file a Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code. Said Chapter 13 Plan was duly confirmed by this Court on or about June 28, 2002.

    2.    The Will County Clerk's office was advised of the bankruptcy filing pursuant to Notice of Commence mailed on or about April 11, 2002, by the Clerk of the United States Bankruptcy Court.

    3.    The bar date for the filing of claims for governmental units was September 23, 2002, which was duly served upon all creditors by the clerk on or about April 11, 2002.

    4.    On or about May 28, 2002, Debtors, through their attorney served notice of the filing of a Proof of Claim for the 2001 Real Estate Taxes to the Will County. Said claim was filed with the United States Bankruptcy Court on or about May 30, 2002, a copy of which is marked Exhibit "A" and incorporated herein by reference.

    5.    The claim was paid in full by the Chapter 13 Trustee on January 30, 2005.

    6.    At no time prior to the payment in full did Respondent object to the plan or the payment.

    7.    On January 20, 2006, the mortgage company filed a motion to lift stay based upon the unpaid tax bill of 2001, wherein a sum in excess of $3,000.00 is asserted by the County Clerk to remain outstanding.

    8.    Through said filing Debtors become aware of the Respondent's attempts to collect additional funds outside of the pending bankruptcy for a debt that arose pre-filing.

9. Debtors submit that the debt for the 2001 Real Estate taxes was due at the time of the filing, the debt was properly scheduled for payment, payment was made pursuant to the duly filed claim, and that Respondent is bound to the provisions of the plan and claim.

10. Debtors further assert that Respondent, being bound by said confirmed plan, has no legal basis to as assert additional funds are due for the tax year 2001 and the scheduling of the real estate for tax sale constitutes an attempt to compel payment by Debtors.

12. The foregoing actions of Respondent are submitted to be in contravention of 11 U.S.C.§ 362(h).

13. Debtors have been compelled to file this action and seek judicial intervention to halt the continued violation of the Automatic Stay and for an order precluding any attempt to collect additional funds, including but not limited to any tax sale.

14. Pursuant to 11U.S.C. Section 362(h), Debtors seeks compensatory damages and attorneys fees from said Creditor.

WHEREFORE, Debtors, **BURT and PAMELA BARTON**, pray for the following relief:

A. That this court find that a willful violation of the Automatic Stay has occurred through the continued accrual of interest and collection actions of the Clerk, which include, *inter alia*, the setting of the matter for tax sale;

B. That said creditor be immediately ordered to cease all such action and cancel the tax sale;

C. For any other relief that this court feels is just and equitable, including but not limited to damages and attorneys fees and costs.

Prepared By:  
John C. Renzi  
June, Prodehl & Renzi L.L.C.  
1861 Black Rd., Joliet, IL 60435  
03124627  
(815) 725-8000

Debtors, BURT and PAMELA BARTON,

/s/John C. Renzi  
John C. Renzi, Attorney for Debtors

**This office is a designated Federal Debt Relief Agency pursuant to Act of Congress and has proudly helped individuals file for relief under the U.S. Bankruptcy Code for over two (2) decades and will continue to do so.**